UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASCHAL CHRISTMAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> MIKE BOUDREAUX, et al., <br><br> Defendants. | Case No. 1:23-cv-00605-EPG (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE <br><br> (ECF No. 3) |

Paschal Christman, Jr. ("Plaintiff"), is a prisoner proceeding *pro se* in this civil rights action.

On April 19, 2023, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 3). Plaintiff asks for appointment of counsel because he cannot afford to hire a lawyer; because his imprisonment will greatly limit his ability to litigate; because this case will likely involve substantial investigation and discovery; because the issues in this case are complex and a lawyer would help Plaintiff apply the law properly; because Plaintiff has never been a party to a civil legal proceeding; because a trial in this case will likely involve conflicting testimony and a lawyer would assist Plaintiff in the presentation of evidence and the cross-examination of witnesses; and because Plaintiff has written to lawyers and organizations, but they either did not respond or decided not to take Plaintiff's case.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his request for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **April 20, 2023**                    /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE