UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASCHAL A. CHRISTMAN JR.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MIKE BOUDREAUX, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:23-cv-00605-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS |

　　　　Plaintiff Paschal A. Christman Jr. proceeds *pro se* in this civil action pursuant to 42 U.S.C. § 1983. For reasons stated below, the Court recommends that this case be dismissed without prejudice for failure to prosecute and failure to comply with Court's orders.

**I.　BACKGROUND**

　　　　Plaintiff filed the complaint commencing this action on April 19, 2023. (ECF No. 1). Plaintiff complains of various incidents and conditions in various detention facilities in 2022 and 2023. (*Id.*)

　　　　The Court reviewed Plaintiff's complaint and issued a screening order on June 21, 2023, finding that Plaintiff failed to comply with Federal Rule of Civil Procedure 8(a) because Plaintiff has not provided a short and plain statement of any claim showing that he is entitled to relief, and Rules 18 and 20, because Plaintiff brings unrelated claims against different defendants. (ECF No.

9, at 1–2). The Court gave Plaintiff the option, within thirty days, to amend his complaint or stand on the complaint and have it reviewed by the District Judge. (ECF No. 9, at 2, 10).

Plaintiff asked for (ECF Nos. 12, 14, and 16) and received multiple extensions of time to file an amended complaint (ECF Nos. 13, 15, and 17). The last order granting Plaintiff's motion cautioned the Plaintiff "that given the two extensions already given, this will be the last extension of this deadline and failure to file an amended complaint by this date may result in dismissal of the case. . . . Plaintiff is granted a final extension to October 25, 2023 to file a first amended complaint." (ECF No. 17).

In more than a month since that deadline passed, Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

## II.  LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute. In determining whether to dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with a Court order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

## III.  ANALYSIS

Despite the Court's order for Plaintiff to either file an amended complaint or notify the Court in writing that he wants to stand on his complaint, Plaintiff failed to file either. The Court issued multiple orders warning Plaintiff that failure to comply with the Court's orders and failure to file an amended complaint may result in the dismissal of this action. (ECF No. 9 at 10; ECF No. 13; ECF No. 17). Despite these warnings, Plaintiff has failed to prosecute this action and to follow Court's orders.

In applying the *Pagtalunan* factors to this case, the first factor weighs in favor of dismissal, because "[t]he public's interest in expeditious resolution of litigation always favors

dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).

As to the second factor, the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . " *Pagtalunan*, 291 F.3d at 639. Despite being given ample opportunity to do so, Plaintiff has failed to file a response to the Court's screening order issued over five months ago. This failure to respond is inexcusably delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the third *Pagtalunan* factor, risk of prejudice to Defendants, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, the fourth *Pagtalunan* factor, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarceration, monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Therefore, the fourth factor also weighs in favor of dismissal.

Finally, public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643. Because the dismissal is without prejudice, and thus, does not operate as an adjudication on the merits, this factor weighs against dismissal.

### IV. CONCLUSION AND RECOMMENDATIONS

After weighing the *Pagtalunan* factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow Court's orders;

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 27, 2023**            /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE