# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASCHAL A. CHRISTMAN JR., | Case No. 1:23-cv-0605 JLT EPG (PC) |
| Plaintiff, | ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE |
| v. | |
| MIKE BOUDREAUX, *et al.*, | |
| Defendants. | (Doc. 18) |

Paschal A. Christman Jr. initiated this action by filing a complaint for violations of his civil rights, identifying several incidents and conditions he experienced in various detention facilities between 2022 and 2023. (*See generally* Doc. 1.) The assigned magistrate judge screened the compliant pursuant to 28 U.S.C. § 1915A(a) and found he failed to state a cognizable claim. (Doc. 9.) The Court granted Plaintiff leave to amend, but Plaintiff failed to file an amended complaint.

The magistrate judge found Plaintiff failed to prosecute the action and failed to comply with the Court's orders. (Doc. 18 at 2.) Therefore, the magistrate judge recommended the action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.* at 3.) The Court served the Findings and Recommendations on Plaintiff at the only address on record, and informed him that any objections were due within 14 days. (*Id.* at 4.) However, the USPS returned the Findings and Recommendations as "Undeliverable, Not deliverable as

addressed" on December 8, 2023.  To date, Plaintiff has not filed a Notice of Change of Address or otherwise communicated with the Court.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Moreover, Plaintiff failed to comply with Local Rule 183(b) which requires him to keep the Court informed of a proper mailing address. Specifically, the Rule provides: "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."  Because the Findings and Recommendations were returned on December 8, 2023, a notice of change of address was due February 9, 2024. Dismissal is also appropriate for Plaintiff's failure to comply with Local Rule 183(b).  *See e.g., Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules). Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on November 28, 2023 (Doc. 18) are **ADOPTED** in full.
2. This case is **DISMISSED** without prejudice for failure to prosecute and failure to comply with Court's orders.[1]
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **February 22, 2024**

UNITED STATES DISTRICT JUDGE

---

[1] "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017); *see also O'Neal v. Price*, 531 F.3d 1146, 1156 (9th Cir. 2008) (dismissal for failure to state a claim and another ground counts as a strike when it is clear from the court's reasoning that it considers failure to state a claim to be a fully sufficient condition to dismiss the action).